**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KEVIN PATRICK WHEELER, | |
| Plaintiff | CIVIL ACTION NO. 3:14-CV-00432 |
| v. | (MEHALCHICK, M.J.) |
| CHAD WHEELER, et al., | |
| Defendants | |

## MEMORANDUM OPINION

Plaintiff Kevin Patrick Wheeler filed a Complaint on March 7, 2014, alleging violations to his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 1). Pending before this Court is a Motion to Dismiss Plaintiff's Complaint brought by Defendant John Strelish. (Doc. 10). Defendant's Motion, having been fully briefed, is ripe for disposition.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff commenced this action with the filing of a Complaint on March 7, 2014, asserting claims of malicious prosecution, false arrest, and procedural and substantive due process violations against Defendant John Strelish in his individual and in his official capacity as an officer of the Pennsylvania State Police, and against Defendant Chad Wheeler. (Doc. 1). Specifically, Plaintiff alleges that on July 26, 2012, he was brutally assaulted and battered by Defendant Chad Wheeler and as a result, suffered numerous injuries, including a brain injury

that required placing Plaintiff in a medically-induced coma for two weeks.[1] (Doc. 1). Plaintiff claims that an initial investigation was conducted by Pennsylvania State Trooper E. Boettcher who determined that Plaintiff was the victim of aggravated assault. (Doc. 1). The investigation was then allegedly transferred and assigned to Defendant Strelish. (Doc. 1). Plaintiff claims that Defendant Strelish wrongfully reduced the charges against Defendant Wheeler from aggravated assault to simple assault and harassment. (Doc. 1). Plaintiff also claims that Defendant Strelish wrongfully arrested Plaintiff on simple assault and harassment charges. (Doc. 1).

Plaintiff alleges that Defendant Strelish, acting under color of state law, deprived Plaintiff of his Fourteenth Amendment right to procedural and substantive due process by failing to conduct an adequate investigation into the events involving Defendant Wheeler. Specifically, Plaintiff claims that Defendant Strelish's actions amounted to malicious prosecution and false arrest, in that he refused to interview eye-witnesses, accept information provided by Plaintiff and Plaintiff's wife, and review Plaintiff's medical records. (Doc. 1). Additionally, Plaintiff alleges that Defendant Strelish threatened to subject Plaintiff to a psychological examination for inquiring into the criminal charges against Defendant Wheeler. (Doc. 1).

Defendant Strelish has now moved to dismiss Plaintiff's Complaint. (Doc. 12). In his Motion, Defendant Strelish requests that this Court dismiss Plaintiff's Complaint for failure to

---

[1] Defendant Wheeler filed an answer to Plaintiff's Complaint on June 23, 2014. (Doc. 12). Defendant Wheeler contests jurisdiction because the parties lack diversity and because the underlying action does not involve a federal question. (Doc. 12). Additionally, Defendant Wheeler sets forth the affirmative defense of self-defense. (Doc. 12).

state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure because: (1) Plaintiff's claims of pretrial deprivations of liberty must be brought under the Fourth Amendment rather than the Fourteenth Amendment; (2) Plaintiff has failed to plead facts showing a deprivation of a property interest under the Fourteenth Amendment; and (3) Plaintiff has failed to plead facts demonstrating claims of false arrest and malicious prosecution. (Doc. 15). On August 5, 2014, Plaintiff filed a Brief in Opposition to Defendant's Motion to Dismiss (Doc. 17) and on August 19, 2014, Defendant filed a Reply Brief. (Doc. 23).

## II.   DISCUSSION

### A. STANDARD OF REVIEW

In reviewing a motion to dismiss, this Court must accept all factual allegations in the complaint as true and must view them in the light most favorable to the plaintiff. *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).  Although the Court must accept the allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d. Cir. 2013)(quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)).

This context-specific task requires the District Court to conduct a two-part analysis. First, the factual and legal elements of a claim must be separated. The District Court must accept all the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Iqbal*, 129 S. Ct. at 1949.  Second, a District Court must then determine whether the facts

3

alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950.   Stated differently, a complaint must do more than allege a plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.  *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008).   Where the well-pleaded facts do not permit the district court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – that the pleader is entitled to relief.  *Iqbal*, 129 S. Ct. at 1949.

Under Rule 12(b)(6), the defendant has the burden of showing that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). In considering a motion to dismiss, the Court may consider the facts alleged on the fact of the complaint, as well as documents incorporated by reference into the complaint, attached exhibits, and matters of public record. *See Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). However, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). With this standard in mind, this Court turns to the facts articulated in the Plaintiff's Complaint.

B. FOURTEENTH AMENDMENT CLAIM

Count II of Plaintiff's Complaint claims that Plaintiff "was deprived of significant liberty . . . interests under the Due Process Clause of the Fourteenth Amendment to the United States Constitution." (Doc. 1). Specifically, Plaintiff alleges that he was "wrongfully arrested" and that "Defendant Strelish's actions created a type of malicious prosecution which violated [his] Due Process rights under the Fourteenth Amendment." (Doc. 1).  Plaintiff's assertion that he was deprived of a liberty interest is only applicable where the malicious prosecution or false arrest claims fall under the Fourth Amendment. *See Johnson v. Knorr*, 477 F.3d 75, 82 n.8 (3d Cir. 2007).

4

The Court "has previously held that . . . the Fourth Amendment, not the Fourteenth Amendment . . . is the proper vehicle for addressing any unlawful pretrial deprivations of liberty incidental to criminal proceedings." *Meketa v. Kamoie*, 955 F. Supp. 2d. 345, 365 (M.D. Pa. 2013); *see Albright v. Oliver*, 510 U.S. 266, 274 (1999).  Indeed, The Supreme Court of the United States has held that where "a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994)(quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). This rule has been expanded to "preclude[ ] both procedural and substantive due process claims where the rights underlying the same are derived from and otherwise protected by the Fourth Amendment." *Meketa*, 955 F. Supp. 2d at 365. Thus, the proper vehicle to assert pretrial deprivations of liberty interests is through the Fourth Amendment, as it "was tailored explicitly for the criminal justice system, and its balance between individual and public interests always has been thought to define the 'process that is due' for seizures of persons or property in criminal cases." *Gerstein v. Pugh,* 420 U.S. 103, 125 n.27 (1975).

## C. MALICIOUS PROSECUTION CLAIM

Assuming, *arguendo*, that  Plaintiff properly articulated a §1983 action based on malicious prosecution in violation of the *Fourth Amendment*, Plaintiff would need to plead the following facts in order to survive a motion to dismiss:

(1) the defendant initiated a criminal proceeding,

(2) the criminal proceeding ended in his favor,

(3) the defendant initiated the proceeding without probable cause,

(4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice and,

(5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007).   Here, while Plaintiff has alleged that criminal proceedings were initiated by Defendant Strelish by pleading that "criminal charges were . . . promulgated against . . . Plaintiff" and that Defendant Strelish "wrongfully arrested the Plaintiff" (Doc. 1),  Plaintiff has failed to plead facts showing that the criminal proceedings ended in his favor, that Defendant Strelish lacked probable cause, that Defendant Strelish acted maliciously or that Plaintiff suffered deprivation of liberty under the Fourth Amendment. Accordingly, the facts alleged in the Complaint are insufficient to show that Plaintiff has a plausible claim for relief.

###    D.  FALSE ARREST CLAIM

 Assuming Plaintiff had properly asserted a §1983 action based on false arrest in violation of the Fourth Amendment, Plaintiff failed to plead facts that would give rise to a false arrest claim. "A claim under §1983 for false arrest . . . is grounded in the Fourth Amendment guarantee against unreasonable seizures." *James v. City of Wilkes-Barre*, 700 F.3d 675, 683 (3d Cir. 2012).  In order to prevail on this ground, Plaintiff must show that there was an arrest and that "the arresting officer lacked probable cause to make the arrest."*Kokinda v. Breinier*, 557 F. Supp. 2d 582, 592 (M.D. Pa. 2008)(quoting *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)).  Probable cause exists when "the totality of facts and circumstances are sufficient to warrant an ordinary prudent officer to believe that the party charged has committed the offense." *Kokinda*, 557 F. Supp. 2d at 592 (citation omitted). Stated differently, Plaintiff would need to allege that Defendant Strelish arrested him without probable cause and with the knowledge that he had no factual or legal basis for the arrest.

Here, the Complaint at issue fails to plead facts show a plausible claim for false arrest under the Fourth Amendment. In particular, while Plaintiff alleges that he was "wrongfully arrested," he fails to articulate facts pertaining to the circumstances of his arrest. (Doc. 1). Moreover, Plaintiff has failed to plead facts suggesting that Defendant Strelish arrested Plaintiff without probable cause. Accordingly, accepting as true the factual allegations contained in the Complaint, but disregarding legal conclusions and mere conclusory statements, this Court finds that Plaintiff has failed to set forth a cause of action for false arrest under the Fourth Amendment.

### E. Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). In this case, it is not clear that amendment would be futile with respect to Plaintiff's claim against Defendant Strelish under the Fourth Amendment, nor is there any basis to believe it would be inequitable. As such, Plaintiff will be granted leave to amend his complaint.

### III. Conclusion

For the foregoing reasons, the Court will **GRANT** Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 1), but grant Plaintiff leave to amend his Complaint within fourteen (14) days of the date of the accompanying Order.

An appropriate Order will follow.

Dated: **September 22, 2014**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

7