**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KEVIN PATRICK WHEELER,<br><br>           Plaintiff<br><br>      v.<br><br>CHAD WHEELER, et al.,<br><br>           Defendants | CIVIL ACTION NO. 3:14-CV-00432<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM OPINION**

Plaintiff Kevin Patrick Wheeler filed a Complaint on March 7, 2014, alleging violations to his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff was given leave to file an amended complaint on September 22, 2014. (Doc. 29). Pending before this Court is Defendant John Strelish's motion to dismiss Plaintiff's amended complaint. (Doc. 33). For the reasons provided herein, this Court will grant Defendant's motion to dismiss. (Doc. 33).

**I.   BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff commenced this action with the filing of a complaint on March 7, 2014, asserting claims of malicious prosecution, false arrest, and procedural and substantive due process violations against Defendant John Strelish in his individual and in his official capacity as an officer of the Pennsylvania State Police, and against Defendant Chad Wheeler. (Doc. 1). Defendant filed a motion to dismiss on June 18, 2014 (Doc. 10), which this Court granted on September 22, 2014. (Doc. 28). Plaintiff was given leave to amend his complaint to properly assert a malicious prosecution and false arrest claim against Defendant. (Doc. 28). Plaintiff, in accordance with this Court's Order, filed a timely amended complaint. (Doc. 30). In that amended complaint, Plaintiff alleges that on July 26, 2012, he was brutally assaulted and

battered by Defendant Chad Wheeler and as a result, suffered numerous injuries, including a brain injury that required placing Plaintiff in a medically-induced coma for two weeks. (Doc. 30). Plaintiff claims that an initial investigation was conducted by Pennsylvania State Trooper E. Boettcher who determined that Plaintiff was the victim of aggravated assault. (Doc. 30). The investigation was then allegedly transferred and assigned to Defendant Strelish. (Doc. 30). Plaintiff claims that Defendant Strelish wrongfully reduced the charges against Defendant Wheeler from aggravated assault to simple assault and harassment. (Doc. 30). Plaintiff also claims that Defendant Strelish wrongfully arrested Plaintiff on simple assault and harassment charges. (Doc. 30).

Plaintiff alleges that Defendant Strelish, acting under color of state law, engaged in malicious prosecution against Plaintiff in the absence of probable cause, by failing to conduct an adequate investigation into the events involving Defendant Wheeler. Specifically, Plaintiff claims that Defendant Strelish refused to interview eye-witnesses, accept information provided by Plaintiff and Plaintiff's wife, and review Plaintiff's medical records. (Doc. 30). Additionally, Plaintiff alleges that Defendant Strelish threatened to subject Plaintiff to a psychological examination for inquiring into the criminal charges against Defendant Wheeler. (Doc. 30).

On October 6, 2014, Defendant Chad Wheeler filed an answer to Count I of Plaintiff's amended complaint, which asserts state law claims of assault and battery against Defendant Wheeler. (Doc. 32). On October 20, 2014, Defendant Strelish moved to dismiss Plaintiff's amended complaint (Doc. 33), for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that Plaintiff has failed to state a plausible claim for relief with respect to his false arrest and malicious prosecution claims set forth in Count II and Count III of his amended complaint (Doc. 34). Specifically, Defendant argues that Plaintiff has not

sufficiently alleged facts showing that Defendant acted in the absence of probable cause. (Doc. 34). On November 3, 2014, Plaintiff filed a brief in opposition to Defendant's motion to dismiss (Doc. 35). Defendant filed a reply brief on November 17, 2014. (Doc. 36). Having been fully briefed, this matter is now ripe for disposition.

## II. DISCUSSION

### A. STANDARD OF REVIEW

In reviewing a motion to dismiss, this Court must accept all factual allegations in the complaint as true and must view them in the light most favorable to the plaintiff. *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although the Court must accept the allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d. Cir. 2013)(quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)).

This context-specific task requires the District Court to conduct a two-part analysis. First, the factual and legal elements of a claim must be separated. The District Court must accept all the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. Stated differently, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips v. Co. of Allegheny*, 515

F.3d 224, 234-35 (3d Cir. 2008). Where the well-pleaded facts do not permit the district court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – that the pleader is entitled to relief. *Iqbal*, 129 S. Ct. at 1949.

Under Rule 12(b)(6), the defendant has the burden of showing that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). In considering a motion to dismiss, the Court may consider the facts alleged on the fact of the complaint, as well as documents incorporated by reference into the complaint, attached exhibits, and matters of public record. *See Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). However, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). With this standard in mind, this Court turns to the facts articulated in the Plaintiff's amended complaint.

B. MALICIOUS PROSECUTION CLAIM

Plaintiff has asserted a §1983 action based on malicious prosecution in violation of the Fourth Amendment. The Plaintiff must allege the following facts supporting a malicious prosecution claim in order to survive a motion to dismiss:

> (1) the defendant initiated a criminal proceeding, (2) the criminal proceeding ended in his favor, (3) the defendant initiated the proceeding without probable cause, (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice and, (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.[1]

---

[1] A question arises as to whether Plaintiff has sufficiently alleged a pretrial deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. "A prosecution instituted without probable cause does not, by itself, constitute a deprivation of a

*(footnote continued on next page)*

*Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007). The parties contest Plaintiff's recitation of "lack of probable cause" as a required element of Plaintiff's Fourth Amendment malicious prosecution claim. A plaintiff must establish the absence of probable cause of the original proceeding brought against the plaintiff. Specifically, a plaintiff must allege facts and circumstances showing that the original criminal proceeding was initiated without a "reasonable ground of suspicion sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." *Sharrar v. Felsing,* 128 F.3d 810, 827 (3d Cir.1997) (citing *Gerstein v. Pugh,* 420 U.S. 103, 111 (1975)). Probable cause to support an arrest does not "require the same type of specific evidence of each element of the offense as would be needed to support a conviction." *Adams v. Williams,* 407 U.S. 143, 149 (1972). Indeed, "the probable cause standard does not turn on the actual guilt or innocence of the arrestee, but rather, whether the arresting officer reasonably believed that the arrestee had committed the crime." *Radich v. Goode,* 886 F.2d 1391, 1397 (3d Cir.1989). When assessing a malicious

constitutional right; rather, it is the deprivation of constitutional rights that accompany the prosecution—such as the constitutional right to be free from unwarranted seizures—that provides the basis for a Fourth Amendment malicious prosecution claim." *Schultz v. Hughesville Borough*, No. 4:10-CV-0262, 2011 WL 3273076, at *7 (M.D. Pa. July 29, 2011) (citing *Dibella v. Borough of Beechwood,* 407 F.3d 599, 602–03 (3d Cir.2005); *Gallo v. City of Philadelphia,* 161 F.3d 217 (3d Cir. 1998)). While Plaintiff alleges that he was "arrested," the state court transcript reveals that a summons was issued, and the proceedings were held over for trial in the Court of Common Pleas of Wayne County pending the conclusion of the preliminary hearing. It does not appear that Plaintiff was formally arrested. While the Third Circuit Court of Appeals has "adopted a broach approach in considering what constitutes a seizure," there remains the issue of whether issuing a summons and imposing a $5000 bail constitutes a "particularly onerous pretrial restriction" rising to the level of a seizure. However, this Court need not decide whether Plaintiff has satisfied this element at the pleading stage, as it intends to dismiss the malicious prosecution claim on the ground that Plaintiff has failed to allege facts supporting the absence of probable cause.

prosecution claim, each criminal charge is analyzed independently. *Cummings v. City of Phila.*, 137 Fed. Appx. 504, 506 (3d Cir. 2005). Here, Plaintiff was charged with simple assault and harassment.[2] Simple assault is defined as:

> (a) Offense defined— . . . a person is guilty of assault if he:
>
> > (1) Attempts to cause or intentionally, knowingly, or recklessly causes bodily injury to another;
> >
> > (2) Negligently causes bodily injury to another with a deadly weapon;
> >
> > (3) Attempt by physical menace to put another in fear of imminent serious bodily injury . . . .

18 Pa. Cons. Stat. Ann. § 2701. Harassment is defined as:

> (a) Offense defined—A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:
>
> > (1) Strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same;
> >
> > (2) Follows the other person in or about a public place or places;
> >
> > (3) Engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose;
> >
> > (4) Communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures;
> >
> > (5) Communicates repeatedly in an anonymous manner;

---

[2] In addition to the amended complaint in this matter (Doc. 30), the Court has considered various documents explicitly incorporated into the complaint by reference, including Plaintiff's state court docket, *Comm. v. Wheeler*, No. MJ-22301-CR-0000179-2012 (Wayne County C.C.P.), which this Court may properly take judicial notice in ruling on a Rule 12(b)(6) motion. *See* Fed. R. Evid. 201; *Wilson v. McVey,* 579 F.Supp.2d 685, 688 (M.D. Pa. 2008). Consideration of these materials does not require conversion of this Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

> (6) Communicates repeatedly at extremely inconvenient hours; or
>
> (7) Communicates repeatedly in a manner other than specified in paragraphs (4), (5) and (6).

18 Pa. Cons. Stat. Ann. § 2701. Here, Plaintiff alleges the following with respect to the element of probable cause:

> 16. After the investigation was . . . assigned to the Defendants, Trooper John Strelish, both the Plaintiff and his wife . . . tried to provide information and evidence of how the assault and battery occurred, but Trooper Strelish refused such information and evidence, even refusing to return to the site of the attack with the Plaintiff.
>
> 17. Defendants, Trooper John Strelish, refused to interview eye-witnesses before they were ultimately intimidated, he refused to retrieve the Plaintiff's medical records as evidence of the aggravated assault on the Plaintiff, and threatened to have the Plaintiff evaluated after he made inquiries concerning the criminal charges against Chad Wheeler.
>
> 18. The criminal charges initiated by the Defendant Strelish against the Plaintiff were not based upon probable cause. That is, the state of the facts in the mind of the prosecutor would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that the Plaintiff, Kevin Patrick Wheeler, was guilty, hence th[at] Defendant Strelish initiated the proceeding without probable cause.
>
> . . .
>
> 23. On July 24, 2013, the criminal proceeding terminated in favor of the Plaintiff when the assistant district attorney recommended the dismissal of all charges against Wheeler by *Nolle Prosequi* and the Court of Common Pleas of Wayne County accepted the recommendation and permitted the charges against the Plaintiff, Kevin Patrick Wheeler, to be dismissed by *Nolle Prosequi.*

(Doc. 30, at 5-6).

Here, the Court finds that the pleading is deficient in its failure to allege that the prosecution was commenced without probable cause. Plaintiff bases his conclusory allegations of Defendant's absence of probable cause in charging him with simple assault and harassment on his belief that Defendant "ignored exculpatory evidence." However, a failure to return to the

site of the attack with the Plaintiff, review Plaintiff's medical records, interview alleged eye-witnesses before they were "ultimately intimidated," or accept Plaintiff's recitation of the alleged assault has no bearing on the determination of the existence of probable cause with respect to the charge of simple assault and harassment in the absence of allegations that the information Defendant had at his disposal at the time of the incident did not establish a *prima facie* factual case in support of the simple assault and harassment charges.

Moreover, Plaintiff's state court docket transcript, which this Court takes judicial notice, indicates that summons was issued and the criminal complaint was filed on December 11, 2012. *Comm. v. Wheeler*, No. MJ-22301-CR-0000179-2012 (Wayne County C.C.P.). A preliminary hearing was conducted on March 5, 2013 and it was determined that Plaintiff would be held over for trial in the Court of Common Pleas of Wayne County. *Comm. v. Wheeler*, No. MJ-22301-CR-0000179-2012 (Wayne County C.C.P.)An information was filed on April 8, 2013 and the charges were subsequently *nolle prossed* on July 25, 2013.[3] *Comm. v. Wheeler*, No. MJ-22301-CR-0000179-2012 (Wayne County C.C.P.). While evidence of a holding over is not conclusive as to probable cause, an independent determination of probable cause, which was established at the preliminary hearing, effectively "show[s] that [Defendant] had probable cause to . . . file all of the charges against him." *Scheller v. Point Twp.*, No. 4:CV-13-0890, 2013 WL

---

[3] The Court notes that simply because the charges filed against Plaintiff were *nolle prossed*, "does not necessarily show that Defendant lacked probable cause to arrest Plaintiff and that Defendant lacked probable cause to issue the Criminal Complaint against Plaintiff charging him with the [misdemeanor]." *Scheller v. Point Twp.*, No. 4:CV-13-0890, 2013 WL 8374681, at *11 (M.D. Pa. Nov. 4, 2013) *report and recommendation adopted as modified,* No. 4:13-CV-890, 2014 WL 1846648 (M.D. Pa. May 6, 2014.).

8374681, at *11 (M.D. Pa. Nov. 4, 2013) *report and recommendation adopted as modified*, No. 4:13-CV-890, 2014 WL 1846648 (M.D. Pa. May 6, 2014). Absent allegations of a defect in the charging document, procedural infirmities, or that Defendant lied or withheld evidence at the preliminary hearing, it is impossible for this Court to infer the absence of a probable cause finding following an independent determination of probable cause at the conclusion of the preliminary hearing. *See Cosmas v. Bloomingdales Bros., Inc.*, 660 A.2d 83, 87 (Pa. 1995). Accordingly, accepting as true the factual allegations contained in the amended complaint, but disregarding legal conclusions and mere conclusory statements, this Court finds that Plaintiff has failed to plead sufficient facts to demonstrate a plausible § 1983 malicious prosecution claim. The Court will grant Defendant's motion to dismiss as to Plaintiff's malicious prosecution claim. (Doc. 33).

C. FALSE ARREST CLAIM

Defendant also seeks dismissal of Plaintiff's false arrest claim on the basis that Plaintiff has failed to sufficiently plead facts with respect to Defendant's absence of probable cause in effectuating his "arrest." A claim under §1983 for false arrest . . . is grounded in the Fourth Amendment guarantee against unreasonable seizures." *James v. City of Wilkes-Barre*, 700 F.3d 675, 683 (3d Cir. 2012). In order to prevail on this ground, Plaintiff must show that there was an arrest and that "the arresting officer lacked probable cause to make the arrest."*Kokinda v. Breinier*, 557 F. Supp. 2d 582, 592 (M.D. Pa. 2008)(quoting *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)). As aforementioned, Plaintiff has failed to adequately allege facts

supporting the absence of probable cause. What is more concerning, however, is Plaintiff's failure to adequately allege that he was arrested.[4] Upon review of Plaintiff's state court docket, it appears that Plaintiff was never formally arrested. Rather, a summons was issued and bail was imposed. As such, "Plaintiff's false arrest claims fail as a matter of law to the extent that they are based on the issuance of the summons for [simple assault and harassment]." *Primrose v. Mellott*, No. CIV.A. 1:11-00835, 2012 WL 2321384, at *3 (M.D. Pa. June 19, 2012) (citing *Montgomery v. De Simone,* 159 F.3d 120, 126 (3d Cir.1998) ("A claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more."); *Colbert v. Angstadt,* 169 F.Supp. 2d 352, 358–59 (E.D. Pa. 2001) (holding that a plaintiff could not establish a false arrest claim where he was not formally arrested but received a summons by mail, instructing him to appear in court on a particular date)); *see also* 5 Am.Jur.2d Arrest § 4 ("There can be no arrest where there is no restraint, or where the person sought to be arrested is not conscious of any restraint."). As the amended complaint fails to plead facts demonstrating a plausible false arrest claim under the Fourth Amendment, this Court grants Defendant's motion to dismiss. (Doc. 33).

D. STATE LAW CLAIMS

Plaintiff has also asserted state law claims against Defendant Wheeler for assault and

---

[4] "When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." *Kamen v. Kemper Fin. Servs.*, Inc. 500 U.S. 90, 99 (1991) (citing *Arcadia v. Ohio Power Co.*, 498 U.S. 73, 77 (1990). Here, Defendant does not contest that Plaintiff was formally "arrested." While Plaintiff claims in his amended complaint that he was "arrested," the state court docket reveals that Plaintiff was not formally arrested.

battery (Count I). Where a district court has dismissed all claims over which it had original jurisdiction, the Court may decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3). Whether the Court will exercise supplemental jurisdiction is within its discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). That decision should be based on "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Ordinarily, when all federal law claims have been dismissed and only state law claims remain, the balance of these factors indicates that these remaining claims properly belong in state court. *Cohill*, 484 U.S. at 350. Finding nothing in the record to distinguish this case from the ordinary one, the balance of factors in this case "point[s] toward declining to exercise jurisdiction over the remaining state law claims." See *Cohill*, 484 U.S. at 350 n.7. Therefore, it is recommended that the Plaintiff's state law claims (Count I) be dismissed pursuant to 28 U.S.C. § 1367(c)(3).

  E. L<span>EAVE TO</span> A<span>MEND</span>

  The Third Circuit has acknowledged that a district court has "substantial leeway in deciding whether to grant leave to amend." *Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir.2000). "Denial of leave to amend a complaint is especially appropriate where a party has already been given the opportunity to amend the complaint." *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014)(citing *Lake,* 232 F.3d at 373("[W]e are inclined to give the District Court even broader discretion when, as here, the court has already granted the requesting party an opportunity to amend its complaint."). Here, this Court granted Plaintiff an opportunity to amend his original complaint, but Plaintiff failed to cure the complaint's pleading deficiencies. As such, Plaintiff will not be given further leave to amend his complaint.

### III. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 33).

An appropriate Order will follow.

Dated: **March 20, 2015**                               *s/ Karoline Mehalchick*
                                                        **KAROLINE MEHALCHICK**
                                                        **United States Magistrate Judge**